Filed
D.C. Superior Court
01/02/2017 15:28PM
Clerk of the Court

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION

| | | |
|---|---|---|
| MARK C. KRIEGER<br>4000 MASS. AVE., N.W. #1316<br>WASHINGTON, D.C. 20007,<br>    PLAINTIFF | : <br><br>: <br><br>: | 2017 CA 000003 B |
| V. | : | |
| AMERICAN MAINTENANCE CO., INC.<br>205 SOUTH ABINGTON ST.<br>ARLINGTON, VA 22204,<br>    DEFENDANT | : | |

COMPLAINT
(Negligence; Premises Personal Injury; Breach of Duty by Business Premises Cleaning Company)

Now comes the plaintiff Mark C. Krieger, by counsel, who avers on personal knowledge as to himself and otherwise upon information and belief, as follows:

1. Plaintiff Mark C. Krieger is an adult resident and citizen of the District of Columbia.

2. Defendant American Maintenance Co., Inc. ("American") is a corporation with principal place of business in Virginia but which regularly conducts business in the District of Columbia. The cause of action occurring in the District of Columbia on

1

Sunday, January 18, 2015, approximately 4:30 a.m., and pleaded against defendant American arose out of this business conducted in the District of Columbia.

3. The defendant's operations were commercial cleaning of other businesses, usually in the hours after the business was closed to customers but had employees still on duty.

4. Defendant Hamilton used employees and closely supervised contractors to perform this commercial cleaning. For purposes of this Complaint, all employees and closely supervised contractors of American were working within the scope of their employment. Defendant American is liable for the negligence of any of these employees and closely supervised contractors under the doctrine of respondeat superior.

5. Plaintiff Krieger at all relevant times was an employee of The Hamilton, a large restaurant and music venue situated at 600 14th St., N.W., Washington, D.C.

6. Plaintiff's normal employment hours at The Hamilton required him to work until and beyond the weekend closing time of 3:00 a.m. After closing, plaintiff's normal duties required him to close out food, beverage, and administrative and computer operations in the bar and restaurant where he worked. On a normal Saturday night closing, plaintiff would routinely be at the Hamilton in the course of his employment until about 5:00 a.m.

7. Defendant American held a contract with The Hamilton for the period including January 18, 2015, to clean the entire, muli-floor, large restaurant, bar, and music venue of the Hamilton. This cleaning would start during the closing period for the Hamilton.

8. Defendant American knew as part of the cleaning contract that Hamilton employees would be still be working in the premises after the last patrons exited at approximately 3:00 p.m. Defendant was under a duty to conduct its cleaning operations including treatment of walking surfaces in a manner that preserved and protected the safety of the remaining Hamilton employees.

9. Defendant was also under a duty to set up a Safety Plan to prevent exposing Hamilton employees like plaintiff to a treated but slippery waling surface. Defendant knew from prior experience cleaning the Hamilton property that there were corners and entryways in the walking surfaces that would be hazardous if a Hamilton employee encountered a treated floor or walking surface without a warning sign or slippery floor placard.

10. Ddefendant did not have an adequate Safety Plan and/or did not adhere to it. These failures were the proximate cause of injury and damages to the plaintiff.

11. On January 17 and January 18, 2015, defendant American with an employee crew of about 15-20 persons was present at the Hamilton to conduct cleaning operations throughout the large premises

12. Defendant American had notice that during this nighttime cleaning, about five Hamilton managers and employees would be walking through and among various floors and stairways of the Hamilton.

13. The standard of care and safety for defendant American as a commercial cleaning operator made it foreseeable that American engage in safety procedures including providing signs and putting up warning barriers up to give notice to Hamilton

employees notice of treated floors and walking surfaces. This duty was especially acute for Defendant American because it was knowingly conducting a cleaning operation with Hamilton employees still walking and working on the premises.

14. Defendant American was under a duty to provide safety instructions to its employees in both English and Spanish, and other languages as needed.

15. American employees and contractors knew or should have known that American employees would still be walking on surfaces and stairways that American was treating with water, wax, polish, or other solution that could present a slipping hazard.

16. The safety standards of the commercial cleaning industry require that warning signs and posters be used to give notice and warning to the client business's employees that walking areas have been treated with wet and/or slippery solutions.

17. On Sunday, January 18, 2015, at approximately 4:00 a.m. plaintiff Krieger was, as part of his employment at Hamilton, descending a stairway onto to a flat surface. Without warning or notice and with no "wet floor" sign present, plaintiff Krieger encountered a walking surface on the flat surface that had been treated by defendant American.

18. The wet walking surface was slippery and caused plaintiff to fall hard to the floor, during which he seriously injured his back and most seriously injured his left arm and elbow.

19. Defendant Hamilton exclusively created this wet, slippery, and hazardous walking surface.

20. The wet, walking surface was not open and obvious and could not have been avoided even with due care by plaintiff.

21. Plaintiff was not contributorily negligent and did not assume the risk of his injury.

22. Plaintiff was proximately injured by this negligence of defendant American and was caused to incur surgery, expensive medical care and treatment, loss of earnings and reduction in earning capacity, and undergo pain suffering and inconvenience.

23. Plaintiff's injuries to his left arm and elbow have, even after surgery, left him with a permanent impairment of his left arm and a permanent partial disability of the entire body.

24. The injury and damages to plaintiff were caused by defendant's failure to meet duties set by the commercial cleaning industry and by the common law of the District of Columbia to give warning and notice of treated and known slippery walking surfaces. The failure of defendant American to meet these duties was the proximate, direct, and legal cause of plaintiff's injuries and damages.

25. Defendant American was also subject to the D.C. Safe Workplace Act, D.C. Code §32-308(a), which requires an employer like American to furnish a safe workplace for employees of other companies whose workplace American was in exclusive control of for sufficient time to make the workplace reasonably safe.

26. At all relevant times, defendant American was in exclusive control of plaintiff's workplace at the Hamilton for sufficient time to make it reasonably safe.

27. Defendant Hamilton violated §32-808(a) and did not furnish a safe workplace for plaintiff, causing him injury and damages as pleaded.

### Count 1: Negligence and Breach of Industry Standards and Duties

28. Paragraphs 1 through and including 27 are incorporated by reference.

29. Wherefore, defendant American is liable to plaintiff in negligence and for breach of industry standards and duties. Plaintiff demands judgment against defendant American for $1 million, plus interest and costs.

### Count 2: Violation of Safe Workplace Act

30. Paragraphs 1 through and including 29 are incorporated by reference.

31. Wherefore, defendant American is liable to plaintiff for violation of the D.C. Safe Workplace Act, D.C. Code §32-808(a), and plaintiff demands judgment against defendant American for $1 million, plus interest and costs.

### Request for Jury Trial

32. Plaintiff requests a jury trial on all issues and counts so triable.

Respectfully submitted,

/s/John S. Lopatto III, D.C. Bar No. 965426
1776 K St., N.W., Suite 700
Washington, D.C. 20006
202-861-5800
FAX: 202-315-3850
Jlopatto3@gmail.com/jlopatto3@aol.com
Attorney for Plaintiff



**Superior Court of the District of Columbia**
**CIVIL DIVISION**
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Telephone: (202) 879-1133

Mark C. Kreiger
_____
                                    Plaintiff

                vs.                                           Case Number  2017 CA 000003 B

American Maintenance Co., Inc.
_____
                                   Defendant

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

John S. Lopatto III, D.C. Bar 965426
Name of Plaintiff's Attorney

1776 K St., N.W., Suite 700
Address
Washington D.C. 20006

Telephone  202-861-5800

如需翻译,请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화하십시요.    የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

Clerk of the Court
By _____
   Deputy Clerk
Date  01/03/2017

**IMPORTANT:** IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

FORM SUMMONS - Jan. 2011                                                              CASUM.doc



## TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA
### DIVISIÓN CIVIL
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Teléfono: (202) 879-1133

_____
                        Demandante

    contra                                       Número de Caso: _____

_____
                        Demandado

### CITATORIO

Al susodicho Demandado:

    Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veinte (20) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

    A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que Usted le entregue al demandante una copia de la Contestación o en el plazo de cinco (5) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

*SECRETARIO DEL TRIBUNAL*

Nombre del abogado del Demandante _____

Por: _____
                Subsecretario

Dirección _____

_____

Fecha _____

Teléfono _____

如需翻译,请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면 (202) 879-4828 로 전화주십시요    ያማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO, O SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍAN RETENERLE SUS INGRESOS, O PODRÍAN TOMAR SUS BIENES PERSONALES O RAÍCES Y VENDERLOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, *NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO.*

    Si desea conversar con un abogado y le parece que no puede afrontar el costo de uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse de otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

CASUM.doc