# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARK C. KRIEGER, | |
| **Plaintiff,** | |
| v. | Civil Action No. 17-0386 (ESH) |
| AMERICAN MAINTENANCE COMPANY, INC., | |
| **Defendant.** | |

## OPINION AND ORDER

Plaintiff Mark Kreiger, a resident of the District of Colombia and employee of the Hamilton restaurant, filed suit in the District of Columbia Superior Court on January 3, 2017, against defendant American Maintenance Co., a Virginia corporation that provided after-hours cleaning services at the Hamilton.  (Compl. [ECF No. 2], at 1–2.)  On March 3, 2017, defendant removed the action to the United States District Court for the District of Columbia, invoking diversity jurisdiction under 28 U.S.C. § 1332.  (*See* Notice of Removal [ECF No. 1], at 3.)[1]

Before the Court are defendant's Motion to Dismiss Count 2 of the Complaint (Def.'s Mot. to Dismiss ("Def.'s Mot.") [ECF No. 6]), plaintiff's Memorandum in Opposition (Pl.'s Mem. in Opp'n to Def.'s Mot. to Dismiss ("Pl.'s Opp'n") [ECF No. 11]), and defendant's Reply

---

[1] 28 U.S.C. § 1446(b)(1) provides that "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading . . . or within 30 days after the service of summons upon the defendant."  Although it appears that defendant filed its notice of removal more than 30 days after receiving the complaint, plaintiff did not file a motion to remand based on that procedural defect within 30 days of removal.  *See* 28 U.S.C. § 1447(c).

(Def.'s Reply to Pl.'s Mem. in Opp'n to Def.'s Mot. to Dismiss ("Def.'s Reply") [ECF No. 12]).

For the reasons that follow, defendant's motion will be denied.

Plaintiff's two-count Complaint alleges that defendant failed to "give warning and notice of treated and known slippery walking surfaces" and failed to "furnish a safe workplace" under D.C. Code § 32-808(a), and that this caused plaintiff physical injury and other damages. (Compl. at 5–6.) More specifically, plaintiff contends that, after the Hamilton closed on January 18, 2015, he slipped and fell after defendant washed the floor but did not put up a "wet floor" or other caution sign. (*Id.* at 3–5.) Count 1 is for "Negligence and Breach of Industry Standards and Duties," and Count 2 is for "Violation of Safe Workplace Act." (*Id.* at 6.)

Defendant has moved to dismiss Count 2. (Def.'s Mot. at 1.) Defendant reasons that, because the Safe Workplace Act does not create a private right of action but only imposes a statutory duty of care, a violation of the Act would only be evidence of negligence and should not be a separate cause of action. (*Id.* at 1–2.) Plaintiff responds that pleading the two theories of liability separately was necessary to clarify that the defense of contributory negligence could not bar plaintiff's cause of action under the Safe Workplaces Act. (Pl.'s Opp'n at 3.) The Court agrees with plaintiff that a claim of negligence based on a violation of the Safe Workplace Act is distinct from a common-law negligence theory of liability.

It is clear that the Safe Workplace Act sets a statutory duty of care, and that a plaintiff must prove the other essential elements of a negligence action to prevail on that theory of liability. *Velasquez v. Essex Condominium Assn.* et al., 759 A.2d 676, 681 (D.C. 2000). The D.C. Court of Appeals has noted that "actions brought under the Safety Act [are] analogous to negligence actions," at least for purposes of evaluating whether a disclaimer is enforceable. *Brown v. 1301 K Street Ltd. Partnership*, 31 A.3d 902, 907 (D.C. 2011). As the statement of the

Court of Appeals suggests, lawsuits premised on a violation of the Workplace Safety Act are not identical to common-law negligence actions, even if they are "analogous."

There are two important distinctions between plaintiff's common-law negligence claim and his Safe Workplace Act negligence claim. First, the duty of due care set forth by the Safe Workplace Act applies more broadly than the common-law duty of employers to provide safe workplaces. *Martin v. George Hyman Const. Co.*, 395 A.2d 63, 70 (D.C. 1978). Under D.C. Code § 32-808(a), "[e]very employer shall furnish a place of employment which shall be reasonably safe for employees . . . ." The statute defines "employer" as every person or entity that has "control or custody of any place of employment or any employee." D.C. Code § 32-802. Thus, if a person or entity has control over the worksite, even if it does not have control over the wage earner, the Safe Workplace Act sets a statutory duty of care. *Velasquez*, 759 A.2d at 680. Second, contributory negligence (short of willful, wanton, or reckless conduct on the part of the plaintiff) is not a defense to a negligence action premised on a violation of the Safe Workplace Act. *Martin*, 395 A.2d at 71. By contrast, a successful showing of a plaintiff's contributory negligence is a "complete bar to recovery" for common-law negligence. *Id.* at 68 (citations omitted).

By incorporating the allegations of Count 1 (*i.e.*, the essential elements of a common-law negligence action), Count 2 states a separate cause of action, for it claims a distinct theory of liability with a distinct duty of care from Count 1. A jury would need to find different facts to hold defendant liable under the two theories of liability, and a jury could consider the contributory negligence of plaintiff as a defense only to Count 1, not Count 2. It therefore makes good sense to distinguish the two theories of liability by organizing them under two separate counts of the Complaint.

For the aforementioned reasons, it is hereby

**ORDERED** that defendant's Motion to Dismiss Count 2 of the Complaint is **DENIED**.

**SO ORDERED.**


/s/   *Ellen Segal Huvelle*
ELLEN SEGAL HUVELLE
United States District Judge


Date:   May 2, 2017